ISAAC W. CARR ET AL., TRADING, ETC., AS ISAAC W. CARR & COMPANY, PLAINTIFFS AND RESPONDENTS, v. THE PENNSYLVANIA RAILROAD COMPANY, DEFENDANT AND APPELLANT.

Submitted July 6, 1915—Decided January 28, 1916.

1. Any lawful holder of a bill of lading, issued by the initial carrier pursuant to the Carmack amendment (section 20 of the Interstate Commerce act, as amended June 29th, 1906, 34 *U. S. Stat. at L.,* *pp.* 593, 595, ¶ 7), upon receiving property for interstate transportation, may maintain an action for any loss, damage or injury to such property caused by any connecting carrier to whom the goods are delivered.

2. When the last successive carrier seeks to relieve itself from liability for damages, caused by delay in an interstate shipment of watermelons, because the bill of lading contained a condition that the carrier, except in case of negligence, should not be liable for damage to property resulting from delay in transportation if such delay is caused by a strike, and the evidence tended to show (1) that the strike was over before the shipment was received by the carrier, and (2) that the delay was caused by the use by the carrier of the watermelon tracks at the destination point during and following the strike, in the delivery of peaches usually delivered elsewhere, to the exclusion of watermelons, which were placed on storage tracks at an intermediate point, the question whether the delay was caused by the negligence of the carrier or by the strike was for the jury.

3. In a suit against a carrier for damages caused by delay in an interstate shipment of watermelons, it is not erroneous for the trial judge to refuse to charge the jury "that it was the duty of the defendant to move the most perishable fruit first, under the circumstances, and the holding back of less perishable fruit, viz., the watermelons, until the peaches had been delivered, was not negligence," when there was no evidence that the peaches in question were more perishable than the watermelons in question at the time both were being handled by the carrier.

4. When the bill of lading of an interstate shipment contains a condition that the amount of any loss or damage for which the carrier is liable "shall be computed on the basis of the value of the property, being the *bona fide* invoice price, if any, to the consignee, including the freight charge, if prepaid, at the place and time of shipment," it is proper for the judge to instruct the jury that, if the carrier was liable, the plaintiff was entitled to recover the freight paid by him as a part of his damages.

On appeal from the Supreme Court.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondents, *Queen & Stout.*

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought to recover damages for deterioration in condition of seven carloads of watermelons consigned from points in Georgia and South Carolina to the plaintiffs in Jersey City; the deterioration being averred to have resulted from unnecessary delay in transportation.

The defendant company received each of these carloads in good condition from an intermediate carrier at Edgemoor, Delaware, and within a reasonable time after shipment by the initial carriers. Their point of destination was the defendant company's delivery yard at Second and Henderson streets, Jersey City. The usual and customary time for transportation of watermelons from Edgemoor, Delaware, to the point of destination, was seven hours. The delay in the present case occurred between these points and at a point on the "meadows," several miles west of their destination. When after a delay of four days, the melons were delivered to the plaintiffs at the point of destination, they were in a damaged condition due to such delay.

The jury, at the Hudson Circuit, found for the plaintiffs and the defendant company appeals from the consequent judgment.

We are of the opinion that the judgment must be affirmed.

It is contended that the trial judge erred in refusing to direct a verdict for the defendant company. We think not.

It is argued that such verdict should have been directed because the "plaintiffs had not proved ownership in the property in question either at the time of shipment, at the time of delivery, or prior to the commencement of the suit."

But there is no merit in this contention.

Any lawful holder of a bill of lading issued by the initial carrier pursuant to the Carmack amendment (section 20 of the Interstate Commerce act, as amended June 29th, 1906, 34 *U. S. Stat. at L., pp.* 593, 595, ¶ 7), upon receiving property

for interstate transportation, may maintain an action for any loss, damage or injury to such property caused by any connecting carrier to whom the goods are delivered. *Adams Express Co.* v. *Croninger, 226 U. S.* 491.

In the case at bar each of the initial carriers of the carloads of melons in question executed and delivered to the plaintiffs, or their representatives, bills of lading therefor, and at the trial it was expressly stipulated that the plaintiffs were the lawful holders thereof.

The next reason urged why a verdict should have been directed is that "no negligence had been shown on the part of the defendant."

At the trial the defendant company sought to relieve itself from liability because the bills of lading for these shipments contain a condition that the carrier, except in case of negligence, shall not be liable for damage to property resulting from delay in transportation if such delay is caused by a strike. There was evidence of a strike among the longshoremen of the water front of New York which included the employes of the defendant company at the piers where fruit of this kind was usually delivered. But the evidence also tended to show that these shipments were received by the initial carrier, and by the defendant from the intermediate carrier, after the strike was over, and that the delay was caused by the use by the defendant company, of the watermelon tracks at Second and Henderson streets, during and following the strike, for the delivery of peaches, usually delivered elsewhere, to the exclusion of watermelons which were placed on storage tracks at the "meadows." It was therefore clearly a jury question whether the delay was caused by the negligence of the defendant, and the motion for a direction of verdict for defendant was properly refused.

It is next contended that the judge erred in refusing to charge the jury as follows: "That it was the duty of the defendant to move the most perishable fruit first under the circumstances, and the holding back of less perishable fruit, viz., the watermelons, until the peaches had been delivered, was not negligence."

We think this request was properly refused. There was no evidence that the peaches in question were more perishable than the watermelons in question at the time both were being handled by the defendant company, and it would have been improper for the trial judge to have assumed to determine that question as a matter of law.

The last contention is that the judge erroneously instructed the jury that if the defendant was liable, the plaintiffs were entitled to recover the freight paid by them as a part of their damages.

We think this instruction was proper. The bills of lading in question contained a provision that the amount of any loss or damage for which the carrier is liable "shall be computed on the basis of the value of the property, being the *bona fide* invoice price, if any, to the consignee, including the freight charges, if prepaid, at the place and time of shipment."

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.  15.

*For reversal*—None.